785 So.2d 741 (2001)
CITY OF CORAL GABLES and Margaret P. Pass, Petitioners,
v.
Hector FORTUN and Silvia Fortun, Respondents.
No. 3D00-3630.
District Court of Appeal of Florida, Third District.
May 30, 2001.
Elizabeth M. Hernandez, City Attorney, and Akerman, Senterfitt & Eidson and Nina Kole Brown, for petitioners.
Tralins and Associates and Myles J. Tralins, for respondents.
Before FLETCHER, SORONDO and RAMIREZ, JJ.
PER CURIAM.
The City of Coral Gables and Margaret P. Pass ("Petitioners") have applied for a writ of prohibition to quash the circuit court's November 27, 2000 order for lack of subject matter jurisdiction. The order under review requires that the City, its agencies and officials notify counsel, on behalf of his clients, Hector and Silvia Fortun ("Respondents"), of any proceedings relating to the property that is the subject of the instant litigation.
The underlying action involves an application for a building site separation, under Article 12 of the City of Coral Gables Zoning Code, which requires special approval by ordinance.[1] Respondents, adjacent *742 property owners of the subject property, filed an Amended Verified Class Representation Complaint for Emergency Temporary and Permanent Injunctive Relief and for Declaratory Judgment, seeking to compel the City to comply with Article 12 of the City's Zoning Code, enjoin Petitioners from issuing a building permit for the construction of a second single family residence at the subject property, and have the court declare void the determinations made by Petitioners in Building and Zoning Department letters dated August 16, 2000 and November 7, 2000,[2] and compel the City to follow the mandatory procedures of its Code in considering the separation application.
On November 27, 2000, the parties appeared before the circuit court for a hearing on Respondents' Motion for Entry of Emergency Injunctive Relief.[3] While the court acknowledged the action was premature, it nevertheless entered the order under review. Based on the record before us, we find the circuit court was without jurisdiction to enter such an order and accordingly, quash it.
Administrative remedies must be exhausted, subject to certain exceptions not present in this case, before seeking alternative judicial remedies. See De Carlo v. Town of W. Miami, 49 So.2d 596, 596-97 (Fla.1950); State, Dept. of Envtl. Prot. v. PZ Constr. Co., Inc., 633 So.2d 76, 78-79 (Fla. 3d DCA 1994); CORAL GABLES, FLA., ZONING CODE art. 26, § 26-3 (2000). The City's Code provides for specific procedures to be followed in lot separation requests, including a public hearing before the Planning and Zoning Board and two separate days of reading before the City Commission. CORAL GABLES, FLA., ZONING CODE art. 12, § 12-3 (2000); CORAL GABLES, FLA., CODE OF ORDINANCES part I, art. II, § 14 (2000). At the time Respondents sought relief in circuit court, the City Commission had not taken final action on the separation application; it had remanded the latter to the Planning and Zoning Board for recommendation. As a result, Respondents' suit was premature and the circuit court lacked subject matter jurisdiction to hear the matter.[4]City of Gainesville v. Republic Inv. Corp., 480 So.2d 1344 (Fla. 1st DCA 1985); Hasam Realty Corp. v. Dade County, 178 So.2d 747 (Fla. 3d DCA 1965).
The writ of prohibition is granted.
NOTES
[1] The City of Coral Gables Zoning Code provides, in part:

(a) Any change from the foregoing provisions for ... separation of building sites shall require special approval by ordinance duly passed and adopted by the City Commission after first having been heard before the Planning and Zoning Board at a public hearing, at which all interested persons shall be afforded an opportunity to be heard.
CORAL GABLES, FLA., ZONING CODE art. 12, § 12-3 (2000).
[2] The Director of the Building and Zoning Department, Petitioner Pass, issued letters to the two owners of the subject property, in response to their requests for buildable site determinations. She advised them that the group of lots they each owned constituted a single building site under the City's Zoning Code. These letters were merely advisory. Petitioner Pass' third letter, dated November 16, 2000, clarified that although her opinion (as stated in her November 7, 2000 letter) could be used and relied upon at the pending public hearing, the matter had to proceed in accordance with the Directive of the City Commission.
[3] Upon review of Petitioner Pass' November 16, 2000 letter, Respondents withdrew their request for injunctive relief.
[4] The City Commission's final decision may be appealed to the circuit court by way of writ of certiorari. CORAL GABLES, FLA., ZONING CODE art. 26, § 26-3 (2000). However, action by the court before the Commission makes a final decision and before the remedies in Article 26 of the City's Zoning Code are exhausted is premature, absent an exception to the exhaustion principle.