959 So.2d 767 (2007)
DISTRICT BOARD OF TRUSTEES OF BROWARD COMMUNITY COLLEGE, Appellant,
v.
Patricia CALDWELL, Appellee.
Nos. 4D05-4600, 4D06-2539.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
Rehearing Denied August 6, 2007.
*768 James H. Wyman of Hinshaw & Culbertson LLP, Fort Lauderdale, for appellant.
J. Henry Cartwright and Terence J. Watterson of Watterson & Zappolo, P.A., Palm Beach Gardens, for appellee.
SHAHOOD, J.
The District Board of Trustees of Broward Community College ("Board") appeals from the trial court's final judgment ordering that it pay Dr. Patricia Caldwell ("Caldwell") the sum of $146,488.75 plus interest in unpaid compensation. In this opinion we also address Case No. 4D06-2539 in which the trial court awarded Caldwell attorney's fees and costs.[1] We reverse both cases because Caldwell failed to exhaust her administrative remedies before filing her action in the trial court.
Caldwell began employment as a provost at Broward Community College's ("BCC") Central Campus in Davie in April 1998. Caldwell's annual contract provided that the Board could suspend or dismiss her "for cause pursuant to law and the rules of the State Board of Education."
The Board voted to terminate Caldwell after taking a vote at its June 25, 2002 meeting. The vote followed an investigation by the Board's counsel into various allegations of misconduct made by Caldwell against BCC. The allegations were of improprieties in BCC's acquisition of property in Miramar and that BCC President Willis Holcombe maintained a hostile work environment with members of his staff. The minutes from the board meeting reflect that the Board chair "recommended the Board authorize President Holcombe to place Caldwell on paid administrative leave until the paperwork can be completed and the termination take effect."
*769 Caldwell and her attorney attended a "pre-determination hearing" conducted by Holcombe approximately one month after the Board's vote. The hearing was intended to be Caldwell's opportunity to present evidence, statement, and argument in the matter. Caldwell did not present any testimony, documents, or other evidence at that time.
Holcombe sent a letter to Caldwell on August 15, 2002, informing her of his decision to uphold the Board's recommendation that she be terminated for cause. The letter cited problems with Caldwell's job performance that had previously been disclosed to her. It recited the allegations of impropriety Caldwell had made against BCC and stated that the investigation initiated by the Board had revealed the allegations to be without merit. The letter offered Caldwell the opportunity to resign within a specified period of time or Holcombe would recommend to the Board that Caldwell be terminated from employment with BCC.
Caldwell's counsel addressed the Board at its meeting on August 28, 2002, and noted Caldwell's continuing objection on the grounds that due process had not been provided. The Board voted to accept Holcombe's recommendation to terminate Caldwell for cause. Holcombe provided written verification of the Board's termination for cause to Caldwell the next day.
Caldwell filed a petition with the Board for a full administrative hearing pursuant to section 120.57, Florida Statutes (2002). The Board granted Caldwell's request. Caldwell then filed a motion to disqualify the Board and transfer the hearing to the Department of Administrative Hearings. The Board denied the motion and elected to conduct the hearing itself. On November 26, 2002, Holcombe sent a letter to Caldwell recommending her termination to the Board. Caldwell filed a writ of prohibition in this court seeking to prohibit the Board from conducting the administrative hearing. This court denied the petition.
Caldwell then filed a complaint against the Board in the trial court that included a count for retaliation in violation of the Florida Whistleblower Act and a breach of contract count. The Board moved to dismiss, alleging, inter alia, that Caldwell had failed to exhaust her administrative remedies. The trial court granted the motion in part, dismissing the whistleblower count with leave to amend. Caldwell amended the whistleblower count. The trial court subsequently granted summary judgment in favor of the Board on Caldwell's amended whistleblower count, and the case proceeded to trial solely on the breach of contract count.
The jury returned a verdict for Caldwell, finding that the Board did not suspend or dismiss her for cause and that it did not suspend or dismiss her pursuant to the rules of the State Board of Education. The Board again filed a motion to dismiss for lack of subject matter jurisdiction on the basis that the trial court had no jurisdiction because Caldwell had failed to exhaust her administrative remedies. The trial court again denied the motion.
Caldwell moved for attorney's fees pursuant to section 448.08, Florida Statutes (2005). At a hearing on the Board's post-judgment motions, the trial court determined that Caldwell was entitled to an award of attorney's fees. The trial court entered final judgment on the jury verdict and on its finding of entitlement to attorney's fees, reserving jurisdiction to determine the amount of fees to award. After a hearing at which both parties presented expert testimony on the amount of attorney's fees, the trial court awarded Caldwell an additional $243,866.75 in fees.
*770 The Board argues on appeal that the trial court erred in failing to grant its motion to dismiss for failure to exhaust administrative remedies. The Board also argues that since failure to exhaust administrative remedies goes to the subject matter jurisdiction of the court to hear a matter, the trial court should have granted the Board's motion to dismiss for lack of subject matter jurisdiction. We agree.
As a general rule, one seeking judicial review of administrative action must first exhaust such administrative remedies as are available and adequate to afford the relief sought. A reviewing court may not entertain a suit when the complaining party has not exhausted available administrative remedies. Orange County, Fla. v. Game & Fresh Water Fish Comm'n, 397 So.2d 411 (Fla. 5th DCA 1981). The doctrine of exhaustion of administrative remedies is based on the need to avoid prematurely interrupting the administrative process, and to enable the agency or association to apply its discretion and expertise in the first instance to technical subject matter. Baillie v. Dep't of Nat. Res., Div. of Beaches & Shores, 632 So.2d 1114 (Fla. 1st DCA 1994). The exhaustion doctrine promotes judicial efficiency by giving the agency or association an opportunity to correct its own mistakes, thereby mooting controversies and eliminating the need for court intervention. DeCarlo v. Town of West Miami, 49 So.2d 596 (Fla.1950).
Fla. High Sch. Athletic Ass'n v. Melbourne Cent. Catholic High Sch., 867 So.2d 1281, 1286 (Fla. 5th DCA 2004).
There are three recognized exceptions to the rule requiring the exhaustion of administrative remedies. The first is where the party seeking to bypass the usual administrative channels can demonstrate that no adequate administrative remedy remains available under Chapter 120. The second is where an agency acts without colorable statutory authority clearly in excess of its delegated powers. The third applies to constitutional issues. Fla. Dep't of Agric. & Consumer Servs. v. City of Pompano Beach, 792 So.2d 539, 545-47 (Fla. 4th DCA 2001).
Caldwell's contract was expressly made subject to "all applicable laws enacted by the Legislature and all applicable administrative rules adopted or promulgated by the State Board of Education. . . ." Thus, rule 6A-14.0411(6), Florida Administrative Code (2002), was part of Caldwell's contract. That rule provided a dismissal procedure for employees in Caldwell's classification whereby a petition specifying the charges is filed with the Board and served on the employee. The rule provided that "no such employee may be dismissed during the college year without opportunity to be heard at a public hearing after at least fourteen (14) days notice of the charges against the employee and of the time and place of hearing." The rule specified that the public hearing would be in accordance with section 120.57, Florida Statutes.
The Board failed to follow the correct procedure in terminating Caldwell. The rule contemplated a petition specifying the charges followed by a hearing. Instead, the Board first recommended termination, President Holcombe conducted his hearing and made a recommendation of termination, and the Board accepted the recommendation. However, the Board realized its mistake and granted Caldwell's request for an administrative hearing. Regardless of the procedural errors to that point, Caldwell was going to receive due process. Caldwell abandoned the process when it became clear that the Board would be the body to conduct that hearing.
*771 Caldwell has failed to demonstrate or even argue that her case falls within one of the three exceptions to the exhaustion rule set forth above. Instead, Caldwell essentially argues that she was not required to exhaust administrative remedies because the process of her termination was so flawed. We do not agree that the Board's errors excused Caldwell from the responsibility to exhaust her administrative remedies. The failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction over the breach of contract claim. See City of Coral Gables v. Fortun, 785 So.2d 741, 742 (Fla. 3d DCA 2001)(finding that the trial court lacked subject matter jurisdiction to hear case where suit was premature because city commission had not yet taken final action).
We accordingly reverse and remand with directions to the trial court to vacate the final judgment in this case and to grant the Board's motion to dismiss for failure to exhaust administrative remedies. By this holding all other issues raised by the Board and Caldwell's issue on cross-appeal are rendered moot. Further, by this ruling the trial court's final judgment for attorney's fees and costs is reversed as moot.
Reversed and Remanded with directions.
GROSS and MAY, JJ., concur.
NOTES
[1] Case No. 4D06-2539 was consolidated with Case No. 4D05-4600 by this court for the limited purpose of assignment to the same panel for review and to be heard at the same time.