996 So.2d 238 (2008)
CITY OF SUNNY ISLES BEACH, etc., Petitioner,
v.
PUBLIX SUPER MARKETS, INC., etc., Respondent.
No. 3D07-1895.
District Court of Appeal of Florida, Third District.
November 26, 2008.
Coffey Burlington, Kendall Coffey, Miami, and Jeffrey B. Crockett; Hans Ottinot, City Attorney, and Fernando Amuchastegui, Assistant City Attorney, Fort Lauderdale, for petitioner.
Greenberg Traurig, Elliot H. Scherker, Clifford A. Schulman, Paul R. Lipton and Kerri L. McNulty, Miami, for respondent.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
SHEPHERD, J.
The petitioner, City of Sunny Isles Beach, seeks a writ of prohibition to prevent or stay the improper exercise of jurisdiction by the circuit court in a declaratory judgment action presently pending in Miami-Dade Circuit Court Case No. 07-1659 *239 CA 15, Publix Super Markets, Inc., v. City of Sunny Isles Beach. We grant the petition.
The petitioner alleges the trial court is acting in excess of its jurisdiction by reviewing an opinion of the City Attorney of the City of Sunny Isles Beach concerning whether submerged lands within an adjacent platted lot owned by Publix can be included for purposes of determining density and intensity of land use under section 265-5 of the City of Sunny Isles Beach Code of Ordinances. There is presently pending in the circuit court appellate division Publix's later filed petition for certiorari review of the City's decision to deny an application for approval of a site plan that includes consideration of the land in question. As in District Board of Trustees of Broward Community College v. Caldwell, 959 So.2d 767 (Fla. 4th DCA 2007), City of Coral Gables v. Fortun, 785 So.2d 741 (Fla. 3d DCA 2001), University of Miami v. Klein, 603 So.2d 651 (Fla. 3d DCA 1992), State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), and numerous other cases, it is the law of this state, for good and salutary reasons relating to both respect for the administrative process and judicial efficiency, that, with rare exception relating usually to matters not cognizable in the circuit court, a party cannot resort to the courts for a decision until administrative remedies are exhausted.
Publix filed the declaratory judgment action upon an early disappointment in its administrative efforts to gain City approval for its combined grocery and residential venture on the City's shores. Setting aside the more interesting question whether an opinion of a city attorney is a "decision" subject to certiorari review, see Bloomfield v. Mayo, 119 So.2d 417, 421 (Fla. 1st DCA 1960) (stating that "certiorari is limited only to review of judicial or quasi-judicial orders of administrative boards, bodies or officers"), Publix had not exhausted its administrative remedies before filing its declaratory judgment action. The adverse final administrative decision rendered by the City on Publix's proposed site plan, including the opinion of the city attorney as affirmed by the City council, is presently pending review in the circuit court appellate division. By considering an element of that decision in a parallel declaratory judgment action, the circuit court has exceeded its jurisdiction.
Petition granted.