# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1069
Lower Tribunal No. 3-09584
_____


**Richard L. Menendez,**
Appellant,

vs.

**City of Hialeah, Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Richard A. Sicking, for appellant.

William M. Grodnick; Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and William R. Radford, for appellee.


Before SUAREZ, EMAS and SCALES, JJ.

SCALES, J.

Richard L. Menendez (Menendez), Plaintiff below, appeals from an order granting final summary judgment in favor of the City of Hialeah, Florida (the City) for lack of subject matter jurisdiction based on Menendez's failure to exhaust administrative remedies. We affirm.

## I.      The City of Hialeah's Retirement System

The City has, by ordinance, created a Retirement System. HIALEAH, FLA., CODE OF ORDINANCES ch. 70 (2002) (Hialeah's Code). To administer its Retirement System, section 70-131 establishes an independent board of trustees (Retirement Board of Trustees or Retirement Board or the Board) "in whom is vested the general administration, management and responsibility for the proper operation of the retirement system." § 70-131, Hialeah Code.

If an employee of the City, including a firefighter, becomes unable to work because of a job-related disability, he or she may apply for permanent and total disability benefits with the Retirement Board of Trustees. § 70-248, Hialeah Code. The member's medical condition is then evaluated by the medical committee, which reports its written conclusions to the Retirement Board. §§ 70-138, -248. If the medical committee determines that the member is physically or mentally totally and permanently incapacitated from further performance of duty in the member's classified position "and the Board of Trustees concurs[,]" the member is medically retired. § 70-248.

Hialeah Code further provides that a member retired due to total and permanent disability "shall be subject to a review of the member's condition by the medical committee at the request of the board of trustees as often as the board shall deem it advisable . . . ." § 70-248.

## II.     Factual Background

The City hired Menendez as a firefighter on June 3, 1991. On November 28, 1995, Menendez applied for total and permanent disability retirement with Hialeah's Retirement System. On December 12, 1995, Menendez's application for disability retirement was approved by the Retirement Board of Trustees and he began receiving job-related disability payments.[1]

A few years later, pursuant to section 70-248 of Hialeah's Code, the Retirement Board decided to review Menendez's disability status. The medical committee reexamined Menendez, and, in 2002, concluded that Menendez was no longer totally and permanently disabled. The medical committee found that Menendez was capable of performing administrative or light duties. Menendez did not challenge these findings before the Retirement Board.

On January 6, 2003, the City wrote Menendez, informing him that it could accommodate Menendez within his medical limitations and/or restrictions as a Fire

---

[1] Menendez's annual job-related disability benefits had two pay components. The City itself paid a portion of Menendez's disability benefits, and the remaining payment came from Hialeah's Retirement System.

Dispatcher in the Fire Department. The City instructed Menendez to report to work on March 3, 2003. Menendez did not report to work on March 3, 2003.

Upon being recalled by the City, and having failed to report for work as scheduled, Menendez was terminated for job abandonment. On March 28, 2003, the City informed Menendez that it would be discontinuing its portion of his job-related disability benefits.[2] Rather than seek administrative review by the Retirement Board of Trustees, Menendez filed a complaint seeking declaratory relief with respect to the rights of the parties and the legality of the City's discontinuance of its portion of his disability payments. The trial court found that Menendez's failure to exhaust his administrative remedies before the Retirement Board deprived it of subject matter jurisdiction to hear Menendez's case.

## III. Analysis

The City has, by its code of ordinances, delegated plenary powers to the Retirement Board of Trustees for the Retirement System's administration. § 70-131. The Retirement Board's determinations regarding entitlement to disability retirement under section 70-248 are among the principal functions of the Board. § 70-248. The Retirement Board has sole jurisdiction to confirm or reject the medical

---

[2] The City did not seek discontinuance of the portion of Menendez's benefits paid by Hialeah's Retirement System. Due to an administrative error, the City's portion of Menendez's disability benefits were not actually terminated until March 2005.

committee's conclusions regarding the total and permanent disability status of an employee. Id.

Thus, the trial court correctly concluded that it lacked subject matter jurisdiction over the action since, before filing his lawsuit in the trial court, Menendez failed to seek administrative review by the Retirement Board of the following (i) the medical committee's determination that Menendez was no longer totally and permanently disabled, and (ii) the City's subsequent decision to cease paying Menendez its portion of his disability payments. See De Carlo v. Town of W. Miami, 49 So. 2d 596, 596-97 (Fla. 1950) (holding that a party is required to exhaust administrative remedies prior to turning to the circuit court for relief); see also City of Coral Gables v. Fortun, 785 So. 2d 741, 742 (Fla. 3d DCA 2001) ("Administrative remedies must be exhausted, subject to certain exceptions not present in this case, before seeking alternative judicial remedies.").

Affirmed without prejudice to Menendez seeking review with the Retirement Board of Trustees.