HARTWOOD RESERVE HOME-OWNERS' ASSOCIATION, INC., Appellant,

v.

Glenworth ALLEN, Michelle McKesey–Allen, Sentry Management, Inc. and Larsen & Associates, P.L., Appellees.

Case No. 5D16–1193

District Court of Appeal of Florida, Fifth District.

Opinion filed December 30, 2016

David C. Borucke and Christine Bredahl Gierke, of Cole, Scott & Kissane, P.A., Tampa, for Appellant.

Samuel A. Walker, Tee Persad, Herbert T. Schwartz and Alberto E. Lugo–Janer, of CPLS, P.A., Orlando, for Appellees, Glenworth Allen and Michelle McKesey–Allen.

No Appearance for Other Appellees.

PER CURIAM.

Hartwood Reserve Homeowners' Association, Inc., ("Appellant") appeals a nonfinal order certifying a class action brought against it for violation of the Florida Deceptive and Unfair Trade Practices Act [1] and for charging excessive interest and unauthorized fees against present and former owners of real property in the Hartwood Reserve subdivision.

---

1. §§ 501.201–.213, Fla. Stat. (2014).

In its order, the trial court certified both a main class and a subclass, defining the former, in pertinent part, as follows:

All Persons who are current owners of real property in Hartwood Reserve as well as all former owners of real property in Hartwood Reserve who sold, otherwise conveyed or suffered foreclosure of such real property within four years next preceding February 3, 2015, where such real property owners were signatories to the [Association] declaration and thus obtained membership in the [Association]. The proposed class is further defined as those persons who were served notice(s) of delinquency in paying the assessed monthly fee to the [Association] or permitting deviations from or violations of provisions in the rules and declarations governing Hartwood Reserve home owners through membership in the [Association]. The persons so noticed were further assessed interest charges exceeding 18% per annum, fees, penalties or other costs assessed purportedly due to the alleged delinquencies in making payments to the [Association] or its agents.

The trial court defined the subclass, in pertinent part, as follows:

All persons who were members of the [Association] who were alleged to be late or delinquent in the payment of their monthly assessments, and were charged interest of more than 18% per annum, fees and costs and/or attorney's fees and costs.

■■■ Before certifying a class, the trial court must first conclude that the following four prerequisites are present: (1) "numerosity"; (2) "commonality"; (3) "typicality"; and (4) "adequacy." *See* Fla. R. Civ. P. 1.220(a); *Sosa v. Safeway Premium Fin. Co.*, 73 So.3d 91, 106 (Fla. 2011). If the court finds the presence of these requirements, it must additionally determine whether one of three secondary requirements set forth in rule 1.220(b)(1)–(3) is satisfied. In the present case, the parties agree that the applicable secondary requirement is that prescribed in subdivision (b)(3), which requires that the court find that "questions of law or fact common to the claim ... of the representative party and the claim ... of each member of the class predominate over any question of law or fact affecting only individual members of the class" and that "class representation is superior to other available methods for the fair and efficient adjudication of the controversy." *See* Fla. R. Civ. P. 1.220(b)(3).

■■■ We review a trial court's grant of class certification for an abuse of discretion. *Sosa*, 73 So.3d at 102 (citing *Engle v. Liggett Grp., Inc.*, 945 So.2d 1246, 1247 (Fla. 2006)). In conducting this review, an appellate court "examines a trial court's factual findings for competent, substantial evidence, and reviews conclusions of law de novo." *Id.* at 105 (citing *Sarasota Citizens for Responsible Gov't v. City of Sarasota*, 48 So.3d 755 (Fla. 2010)). Based upon our review of the record, we conclude that the trial court did not abuse its discretion in certifying the main class. Accordingly, we affirm the order on the main class without further discussion.

■■■ We do, however, reverse as to the certification of the subclass because the trial court abused its discretion in finding the numerosity prerequisite. The term "numerosity" refers to the requirement that "the members of the class are so numerous that separate joinder of each member is impracticable." *Id.* at 106 (quoting Fla. R. Civ. P. 1.220(a)). A subclass must independently satisfy the requirements of rule 1.220 to be certified, *see* Fla. R. Civ. P. 1.220(d)(4), and the establishment of numerosity as to the primary or main class is not necessarily sufficient to establish numerosity with respect to the

subclass. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595 (3d Cir. 2012). Although it is not necessary to "show the precise number of members in the class," the party seeking class certification "still bears the burden of making *some* showing, affording the [trial] court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983)). Here, unlike for the main class, Appellees failed to present evidence of the number of members in the subclass.

In sum, we affirm the order certifying the main or primary class, and we reverse that part of the order certifying the subclass. We remand with directions that the trial court enter an order decertifying the subclass.

AFFIRMED in part; REVERSED in part; and REMANDED, with directions.

PALMER, LAMBERT, and EDWARDS, JJ., concur.