# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-1495 and 3D17-1476
Lower Tribunal No. 15-6256

_____

**BJ's Wholesale Club, Inc., and
State of Florida Department of Revenue,**
Appellants,

vs.

**Laura Bugliaro, et al.,**
Appellees.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Foley & Lardner, LLP, Kevin A. Reck, and Christina M. Kennedy (Orlando), Brandon J. Williams, James A. McKee and Benjamin J. Grossman (Tallahassee), for appellant BJ's Wholesale Club, Inc.

Ashley Moody, Attorney General, and Amit Agarwal, Solicitor General, and J. Clifton Cox, Special Counsel, and Edward M. Wenger, Chief Deputy Solicitor General, (Tallahassee), for appellant State of Florida Department of Revenue.

Kluger, Kaplan, Silverman, Katzen and Levine, P.L., Alan J. Kluger, Steve I. Silverman and Erin E. Bohannon; Samson Appellate Law and Daniel M. Samson; VM Diaz & Partners, LLC, Victor M. Diaz, Jr., and Jorge D. Lorenzo, for appellees.

Before EMAS, C.J., and FERNANDEZ, and LOGUE[1], JJ.

FERNANDEZ, J.

State of Florida Department of Revenue, as intervenor, and BJ's Wholesale Club, Inc., a Florida retailer, separately appeal[2] the trial court's May 24, 2017 non-final order certifying a class on Count I, pursuant to Florida Rule of Appellate Procedure 9.30(a)(3)(C)(vi). We have jurisdiction. Concluding that the trial court lacked subject matter jurisdiction and that the class is not ascertainable, we reverse the order and remand to the trial court for further proceedings consistent with this opinion.

This matter came before the trial court on Laura Bugliaro's motion for class certification on Count I, seeking injunctive relief under the Florida Deceptive and Unfair Trade Practices Act. The motion concerns a statewide class of non-tax-exempt members of BJ's Wholesale Club's thirty-one Florida stores. In her third amended complaint, Bugliaro alleges that BJ's engaged in deceptive and unfair trade practices by improperly imposing on and collecting from its members a charge denominated as a "sales tax" on the full, undiscounted price of products purchased with a discount, funded in part by BJ's, at all of BJ's thirty-one Florida locations. Particularly, Bugliaro asserts that when members of BJ's Wholesale Club's thirty-

---

[1] Did not participate in oral argument.
[2] The appeals are consolidated for the purposes of the record, oral argument, and decision only.

2

one Florida stores use discounts, issued and funded in-part by BJ's, to make in-store purchases in Florida, BJ's still charges and purports to collect "sales tax" on the full price of the item, without application of the portion of the discount that is funded by BJ's to reduce the sales price of the item.

On February 27, 2016, the trial court, on the parties' cross-motions for summary judgment, determined that BJ's "improperly charged and collected taxes on the portion of the discounts that constituted its dealer discount." On September 9, 2016, Bugliaro filed her motion for class certification on Count I for injunctive relief pursuant to Florida Rule of Civil Procedure 1.220(b)(2). Bugliaro defined the proposed statewide class as: "All non-tax-exempt members of BJ's Wholesale Club's 31 Florida stores who will make in store purchases in Florida and will be charged and pay monies as a 'sales tax' on the full, undiscounted price of products purchased with a discount funded in part by BJ's." On October 4, 2016, BJ's filed its opposition to the motion for class certification. On November 4, 2016, Bugliaro filed her reply in support of her motion for class certification.

On May 24, 2017, the trial court entered an order granting Bugliaro's motion for class certification on Count I finding, "Bugliaro has demonstrated by competent, substantial evidence that this action meets each and every one of Rule l.220's prerequisites for class certification." The trial court certified the class under Bugliaro's proposed definition and appointed Bugliaro as class representative. The

3

State and BJ's separately appealed the non-final order granting class certification. The appeals are consolidated for the purposes of the record, oral argument, and decision only.

Trial court orders that determine class certification are reviewed for an abuse of discretion. Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1267 (Fla. 2006). However, a review of the legal conclusions underlying the decision to certify a class are reviewed *de novo*. Alderwoods Grp., Inc. v. Garcia, 119 So. 3d 497, 502-03 (Fla. 3d DCA 2013). Upon review of the record, we reverse and remand the order granting class certification because: 1) the trial court lacked subject matter jurisdiction, as Bugliaro failed to exhaust her administrative remedies, and 2) the class is not ascertainable.

As to the trial court's lack of subject matter jurisdiction, Bugliaro is not seeking purely injunctive relief, as she claims. Count I, upon which Bugliaro is proceeding for class certification, incorporates the first paragraph of the operative complaint in which Bugliaro seeks damages, including a tax refund. Because Count I includes a request for a refund, Bugliaro and any putative class members were required to exhaust their administrative remedies with the Department of Revenue pursuant to section 215.26, Florida Statutes (2016). Since the statute requires that an aggrieved party pursue his or her administrative remedies prior to filing a lawsuit, the trial court was without subject matter jurisdiction in this case. See also Dist. Bd.

4

of Trs. of Broward Cmty. Coll. v. Caldwell, 959 So. 2d 767, 771 (Fla. 4th DCA 2007) ("The failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction . . . .").

In addition, the class is not ascertainable because the definition of the class is either over or under inclusive. See Karhu v. Vital Pharms., Inc., 621 F. App'x 945, 946 (11th Cir. 2015) ("[A] class is not ascertainable unless the class definition contains objective criteria that allow for class members to be identified . . . ."); Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012) (denying certification because class was overbroad). The tax issue in this case only affects the stores in Florida; however, BJ's has nationwide membership where potentially any member in the nation could travel to Florida and shop at any one of BJ's thirty-one Florida locations. Because BJ's members are not members of particular stores, the reference to "members of BJ's Wholesale Club's 31 Florida stores" encompasses either every current and future BJ's member nationwide, or the definition does not include anyone, as membership is not limited by state. Karhu, 621 F. App'x at 946 (To be ascertainable, the class definition must allow for class members to be identified through a "manageable process that does not require much, if any, individual inquiry."). Based on the definition of the class, we find that the class is not ascertainable because it has not been defined in such a way that the members of that class can be properly notified of the class action and their right to opt out.

5

Upon finding that the trial court lacked subject matter jurisdiction and that the class is not ascertainable, we reverse the order and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.