# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D19-2038
Lower Tribunal No. 15-6256
————————

## BJ's Wholesale Club, Inc., etc.,
Appellant,

vs.

## Laura Bugliaro, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Foley & Lardner LLP, Kevin A. Reck and Christina M. Kennedy (Orlando); Foley & Lardner LLP, and James A. McKee (Tallahassee); Foley & Lardner LLP, and Angelica L. Novick, for appellant.

Kluger, Kaplan, Silverman, Katzen and Levine, P.L., and Alan J. Kluger, Steve I. Silverman and Erin E. Bohannon; VM Díaz & Partners, LLC, and Victor M. Díaz, Jr., for appellees.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

GORDO, J.

BJ's Wholesale Club appeals from a trial court order denying its motion to compel arbitration in this class action for injunctive and declaratory relief. We have jurisdiction to review the non-final order as one determining the entitlement of a party to arbitration. See Fla. R. App. P. 9.130(a)(3)(C)(iv). We conclude the trial court lacked jurisdiction to adjudicate the parties' arbitration rights while the prior motion was pending on appeal. We therefore quash the portion of the order making factual findings and legal conclusions beyond the scope of the court's jurisdiction.[1]

**FACTS & PROCEDURAL HISTORY**

On March 17, 2015, Laura Bugliaro filed the underlying class action complaint. The fourth amended complaint—the operative complaint in this appeal—alleges that BJ's engaged in deceptive and unfair trade practices by improperly collecting from its members a charge denominated as a "sales tax" on the full, undiscounted price of products purchased with a discount, funded in part by BJ's, at all of BJ's thirty-one Florida locations. Bugliaro asserts that when members of BJ's Wholesale Club's thirty-one Florida stores use discounts, issued and funded in whole or part by BJ's, to make in-store purchases, BJ's still charges and purports to collect "sales tax" on the full price of the item, without application of the portion of the discount that is funded by BJ's to reduce the sales price of the item. Bugliaro

---

[1] We lack jurisdiction to, and therefore do not, review the portion of the order denying the motion to dismiss the fourth amended complaint.

seeks prospective injunctive relief pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and a judicial declaration interpreting the relevant statutory and regulatory rules.

On September 9, 2016, Bugliaro moved for certification of a class on the injunctive relief claim. On May 24, 2017, the trial court certified a class and BJ's appealed. This Court reversed the certification order finding the class was not ascertainable. BJ's Wholesale Club, Inc. v. Bugliaro, 273 So. 3d 1119, 1121 (Fla. 3d DCA 2019) (Bugliaro I). We further held the trial court lacked subject matter jurisdiction as to Count I for injunctive relief because Bugliaro failed to exhaust her administrative remedies. We specifically held:

> As to the trial court's lack of subject matter jurisdiction, Bugliaro is not seeking purely injunctive relief, as she claims. Count I, upon which Bugliaro is proceeding for class certification, incorporates the first paragraph of the operative complaint in which Bugliaro seeks damages, including a tax refund. Because Count I includes a request for a refund, Bugliaro and any putative class members were required to exhaust their administrative remedies with the Department of Revenue pursuant to section 215.26, Florida Statutes (2016).

Id.

On September 5, 2017, while Bugliaro I was pending on appeal, the trial court entered an order denying BJ's' motion to compel arbitration of prospective putative class members finding that BJ's waived its right to arbitration and that compelling arbitration would result in substantial prejudice to the plaintiffs. BJ's appealed. On

3

October 10, 2019, this Court sua sponte dismissed the appeal as moot given its reversal of the class certification order in Bugliaro I.  See BJ's Wholesale Club, Inc. v. Bugliaro, 301 So. 3d 931 (Fla. 3d DCA 2019) (Bugliaro II).

In response to the decision in Bugliaro I and while Bugliaro II was still pending on appeal, Bugliaro filed her fourth amended complaint removing any claims for a tax refund and re-defining the class.  BJ's moved to dismiss the fourth amended complaint and to compel arbitration individually as to Bugliaro.  The trial court held a hearing and denied BJ's' motion to dismiss and to compel arbitration on September 24, 2019.  In its order, the court found the holding in Bulgiaro I that the court lacked subject matter jurisdiction was limited to the claim involving money damages and rejected BJ's' claim that every prior order in the litigation was void.  The court concluded that it lacked jurisdiction to reconsider the September 2017 arbitration order, which remained pending on appeal in Bugliaro II.  The court, however, then proceeded to rule substantively that BJ's waived its right to arbitration, that compelling arbitration would significantly prejudice the plaintiffs, and that BJ's right to arbitration was not revived.  BJ's appeals.

## LEGAL ANALYSIS

BJ's misconstrues this Court's Bugliaro I opinion in claiming that the trial court lacked subject matter jurisdiction over the entire case.  This Court's opinion regarding subject matter jurisdiction in Bugliaro I was limited to the claim over

4

which administrative remedies exist; it did not conclude the trial court lacked subject matter jurisdiction entirely. As such, the case was remanded for further proceedings consistent with this Court's rulings regarding the failure to exhaust administrative remedies and the ascertainability of the class. The subsequent dismissal of Bugliaro II was based on this Court's reversal of the class certification order in Bugliaro I, which rendered moot the appeal of BJ's motion to compel arbitration of the class members because there was no longer a class.

Recognizing that the trial court maintained subject matter jurisdiction over the action, we address the ruling on the motion to compel arbitration. In the order on appeal, the trial court appropriately concluded it lacked jurisdiction to reconsider its prior arbitration ruling as to the then-certified class because the matter was pending on appeal before this Court. See Fonseca v. Taverna Imports, Inc., 193 So. 3d 92, 94 (Fla. 3d DCA 2016) ("[A] trial court is divested of jurisdiction upon the filing of a notice of appeal.").

Notwithstanding this jurisdictional impediment, the trial court went further, explicitly making rulings regarding BJ's' right to compel arbitration as to Bugliaro and the putative class members. We conclude the trial court lacked jurisdiction to determine BJ's' right to arbitration while that matter was pending on appeal. See Stoppa v. Sussco, Inc., 943 So. 2d 309, 314 (Fla. 3d DCA 2006) (concluding the trial court was without jurisdiction to consider a non-final order while the subject of that

5

order was pending on appeal and that "[w]hether the trial court lacks jurisdiction depends . . . on the nature of the action being taken by the trial court in relation to the subject matter of the pending appeal." (citing Bailey v. Bailey, 392 So. 2d 49, 52 (Fla. 3d DCA 1981))); Schultz v. Schickedanz, 884 So. 2d 422, 424 (Fla. 4th DCA 2004) ("[A] trial court is divested of jurisdiction upon notice of appeal *except* with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court." (citing Palma Sola Harbour Condo., Inc. v. Huber, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979))).

We quash the portion of the order addressing BJ's' entitlement to arbitration because the court lacked jurisdiction to consider the matter while Bugliaro II was pending and we remand with instructions to vacate all factual findings and legal conclusions adjudicating the substantive merits of the motion to compel arbitration.