# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0854
Lower Tribunal No. 24-4925-CA-01
_____

**New World Condominium Apartments Condominium Association, Inc., etc.,**
Appellant,

vs.

**Lawonda Breedlove, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Kubicki Draper, and Barbara E. Fox, for appellant.

Kozyak Tropin & Throckmorton LLP, and Dwayne Robinson, and Abe Andrew Bailey, for appellees.


Before LINDSEY, MILLER, and GOODEN, JJ.

LINDSEY, J.

Appellant (Defendant below), New World Condominium Apartments Condominium Association Inc. ("New World"), appeals the trial court's order granting class certification to a class of tenants and occupants of units at the New World Condominium ("the Class"), who were displaced by a fire that destroyed the condominium on January 28, 2023. We hold that the trial court did not abuse its discretion in granting class certification and affirm the trial court's decision. Although New World raises several issues on appeal, we write only to address whether the Class provided an adequate proposed class definition.[1] It did.

The Class alleges that through New World's failure to maintain the common elements of the condominium, New World is liable for the fire on January 28, 2023, that displaced the Class and destroyed the Class's personal property. In turn, the Class seeks recovery for relocation costs and loss of personal items caused by the January 28, 2023, fire.

Operative here is the Class's amended motion for class certification filed on November 1, 2024. The trial court heard the motion a few months later and ultimately issued its order granting class certification in April of 2025. In that order, the trial court adopted the class's proposed class

---

[1] We affirm without elaboration on the remaining issues raised and find that the issue on the Class's proposed definition is the only issue which merits further discussion.

definition: "All tenants and others who lawfully resided in a condominium unit at New World Condo on January 28, 2023."

This timely appeal follows.[2]

Our class action rule, which mirrors the federal class action rule, requires that a party moving for class certification demonstrate that the proposed class and class representatives meet all the requirements explicitly set out in Florida Rule of Civil Procedure 1.220(a) (numerosity, commonality, typicality, and adequacy), along with one of the requirements set out in Rule 1.220(b). Compare Fla. R. Civ. P. 1.220(a)-(b), with Fed. R. Civ. P. 23(a)-(b).

But we have also required that "'the class sought to be represented must be adequately defined and clearly ascertainable.'" Alderwoods Group, Inc. v. Garcia, 119 So. 3d 497, 507 n.8 (Fla. 3d DCA 2013) (quotations omitted); accord BJ's Wholesale Club, Inc. v. Bugliaro, 273 So. 3d 1119, 1121 (Fla. 3d DCA 2019) (quotations omitted). A proposed class definition is adequately defined and ascertainable if the definition can "(1) specify[] a particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitat[e] a court's ability to

---

[2] We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi).

ascertain its membership in some objective manner." Garcia, 119 So. 3d at 507.

The Eleventh Circuit also recently held that "a proposed class is ascertainable if it is adequately defined such that membership is capable of determination." Cherry v. Dometic Corp., 986 F.3d 1296, 1304 (11th Cir. 2021) (emphasis added); see also Florida Dept. of Agric. v. Citrus Canker Litig., 941 So. 2d 461, 464 (Fla. 3d DCA 2006) ("Florida Rule 1.220 is based on the federal class action rule, Federal Rule of Civil Procedure 23, and we turn to relevant federal decisions as persuasive authority on the interpretation of Florida Rule 1.220."); Florida Dep't of Transp. v. Tropical Trailer Leasing, LLC, 229 So. 3d 1251, 1254-55 (Fla. 1st DCA 2017) ("Rule 1.220 was modeled after Rule 23, Federal Rules of Civil Procedure, and decisions interpreting Rule 23, while not binding, are persuasive authority in Florida courts.").[3]

Under either standard, the trial court did not abuse its discretion in finding that the proposed class definition was sufficient for class certification.

---

[3] Relying on an unpublished opinion from our Eleventh Circuit Court of Appeals, we previously held that "[t]o be held ascertainable, the class definition must allow for class members to be identified through 'a manageable process that does not require much, if any, individual inquiry.'" BJ'S Wholesale Club, Inc. v. Bugliaro, 273 So. 3d 1119, 1122 (Fla. 3d DCA 2019) (quoting Karhu v. Vital Pharms. Inc., 621 F. App'x 945, 946 (11th Cir. 2015)).

See City of Opa-Locka v. Suarez, 314 So. 3d 675, 679 (Fla. 3d DCA 2021) (citing Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 103 (Fla. 2011)) ("The standard of review of an order granting a motion for class certification is abuse of discretion."); Shir Law Group, P.A. v. Carnevale, 345 So. 3d 380, 382 (Fla. 3d DCA 2022) ("Discretion is abused where no reasonable man would take the view adopted by the trial court.").

The class definition—"[a]ll tenants and others who lawfully resided in a condominium unit at New World Condo on January 28, 2023"—describes the class with objective criteria sufficient for the trial court to have concluded that membership in the class is capable of determination. See Cherry, 986 F.3d at 1304. New World asserts that the definition does not provide any objective criteria to determine membership and would require burdensome individualized inquiries on each member, making the class action untenable. We disagree.

The class definition contains objective criteria only. Specifically, class membership is determined by specific geographic and temporal criteria, coupled with an objective and well-established legal identity attributed to those who were harmed by New World's alleged misconduct. In sum, the class definition is adequate because it is "specifying a particular group that was harmed during a particular time frame, in a particular location, in a

5

particular way." Garcia, 119 So. 3d at 507 n.8. And as such, we are not concerned that membership determination would amount to a subjective or inherently uncertain endeavor. See, e.g., Garcia, 119 So. 3d at 507 n.8 (explaining that the class definition—"all persons . . . unable to readily locate gravesites of their family members"—was flawed by the "subjectivity and uncertainty inherent" in the term "readily locate").

New World argues the phrases "tenant" and "lawfully resided" are not sufficiently defined and are ambiguous; but the trial court's conclusion to the contrary is reasonable. Carnevale, 345 So. 3d at 382 ("Discretion is abused where no reasonable man would take the view adopted by the trial court."). These are common and legally defined terms with a plain and ordinary meaning. See Kiplinger v. Kiplinger, 2 So. 2d 870. 873-74 (Fla. 1941) ("A resident is one who lives at a place with no present intention of removing therefrom."); see also Tenant, Merriam-Webster's Dictionary (11th ed. 2020) ("[O]ne who has the occupation or temporary possession of lands or tenements of another."); Smith v. Smith, 224 So. 3d 740, 745 (Fla. 2017) ("When necessary, the plain and ordinary meaning can be ascertained by reference to a dictionary.").

The proposed class definition also sufficiently "facilitat[es] a court's ability to ascertain its membership in some objective manner." Garcia, 119

So. 3d at 507. "The class definition [will likely] allow for class members to be identified through a 'a manageable process that does not require much, if any, individual inquiry.'" Bugliaro, 273 So. 3d at 1122 (quoting Karhu, 621 F. App'x at 946). Indeed, even if determining whether a potential member is a "tenant" or "lawfully resided" in a New World Condo unit could require some individual inquiry, we do not think it would require much. See id. That is to say, a determination of whether a person would have been a "tenant" or had "lawfully resided" in New World Condo on the date of the fire would likely not require a mini-hearing for each potential class member. See Breecher v. Republic of Argentina, 806 F.3d 22, 24-5 (2d Cir. 2015) ("A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case."). Rather, based on the methodology[4] provided

---

[4] New World also argues that the Class did not make a sufficient evidentiary showing to support the Class's motion for certification. The affidavit attached to the motion states that the Class has located several potential class members by looking at records from the American Red Cross who provided some New World Condo residents shelter after the fire, records from Florida Power & Light, and records from New World in a companion case. And these documents are in the record below, as well as in the record in the companion cases. See Gonzalez v. JPMorgan Chase Bank National Ass'n, 51 Fla. L. Wkly. D790, D790 (Fla. 3d DCA April 15, 2026) (noting courts can take judicial notice of records from prior related cases before them). And based on our review of the record, these documents portray what the Class describes, that the Class has shown some factual support sufficient for the trial court to justify its order granting certification. See Hartwood Reserve

7

by the Class's counsel, any individual inquiry could effectively be determined by a claims administrator.

May there be some risk to certifying the Class under this definition? Yes. But we do not think such risk rises to that level requiring reversal of the trial court for construing any question of ambiguity or manageability in favor of class certification. Sosa, 73 So. 3d at 105 (citing Chase Manhattan Mortg. Corp. v. Porcher, 898 So. 2d 153, 156 (Fla. 4th DCA 2005)) ("A trial court should resolve doubts with regard to certification in favor of certification, especially in the early stages of litigation."); Suarez, 314 So. 3d at 679 ("The standard of review of an order granting a motion for class certification is abuse of discretion.").

If need be, our rules allow the trial court to reexamine certification if, for example, further litigation shows that circumstances have changed. See Fla. R. Civ. P. 1.220(d)(1) ("An order under this subsection . . . may be altered or amended before entry of a judgment on the merits of the action."). Should

_____

Homeowners' Ass'n. Inc. v. Allen, 207 So. 3d 997, 999-1000 (Fla. 5th DCA 2016) (holding that the party seeking certification "still bears the burden of making some showing, affording the [trial] court the means to make a supported factual finding . . . .") (emphasis added). The record evidence we have saves the Class's case at this stage of the litigation. Sosa, 73 So. 3d at 105 (citing Chase Manhattan Mortg. Corp. v. Porcher, 898 So. 2d 153, 156 (Fla. 4th DCA 2005)) ("A trial court should resolve doubts with regard to certification in favor of certification, especially in the early stages of litigation.").

8

ascertaining the Class proves to be burdensome and unmanageable, the trial court must continue on in its "duty to monitor the propriety of this decision, and to modify or even vacate this class certification order should the interests of justice so require." Miles v. Am. Online, Inc., 202 F.R.D. 297, 301 (M.D. Fla. 2001) (citing Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982); Prado–Steiman v. Bush, 221 F.3d 1266, 1273–74 (11th Cir. 2000)).

While affirming, without elaboration, on the trial court's findings as to the other elements for class certification, we hold that the trial court did not abuse its discretion granting certification for the Class under its current definition.

Affirmed.