Charlie B. CLARK, Petitioner-Appellee,

v.

Louie L. WAINWRIGHT,
Respondent-Appellant.

No. 82–5192.

United States Court of Appeals,
Eleventh Circuit.

March 28, 1983.

Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellant.

Robyn Hermann, Federal Public Defender, Miami, Fla., for petitioner-appellee.

Before FAY and CLARK, Circuit Judges, and MARKEY *, Chief Judge.

FAY, Circuit Judge:

Louie Wainwright, Secretary of the Florida Department of Offender Rehabilitation, appeals the district court's order granting the petition for writ of habeas corpus of State prisoner, Charlie Clark. Wainwright, hereinafter State, contends that the district court failed to address the question of whether petitioner Clark's claims were barred from federal court consideration by the State procedural default doctrine enunciated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Because we agree with the State that the district court improperly failed to consider *Sykes,* we reverse the order granting the writ of habeas corpus and remand this case for further proceedings.

## BACKGROUND

The procedural history of this case constitutes a paradigm of perturbation. In 1974, Clark, the police chief of a small Florida town, was tried and convicted in State court of embezzlement of municipal funds. The conviction was affirmed on appeal. *Clark v. State of Florida,* 318 So.2d 513 (Fla. 4th D.C.A.1976). In May of 1976, Clark filed, *pro se,* a motion to vacate judgment in the State court pursuant to Florida Rules of Criminal Procedure, Rule 3.850. A few months later, Clark filed a *pro se* petition for writ of habeas corpus in the federal district court under 28 U.S.C. Section 2254. This petition was dismissed without prejudice by the district court in October 1976 for failure to exhaust State remedies with a specific notation that the State court's four month delay in ruling on Clark's motion to vacate was not unreasonable.

One year after filing his original petition for writ of habeas corpus, Clark filed another *pro se* petition, presently under consideration. Clark raised twenty-four grounds for relief and alleged an unreasonable delay in the State court's ruling on his motion to vacate judgment. The magistrate thereupon ordered the State to file a memorandum showing cause why the petition for habeas corpus should not be granted, "paying particular attention to the question of exhaustion of State remedies, and to Clark's claim

* Honorable Howard T. Markey, Chief Judge for the Federal Circuit, sitting by designation.

that he has been thwarted and frustrated in his efforts to exhaust remedies." (R. at 10). The magistrate was concerned with whether the twenty month delay by the State trial court in ruling on Clark's motion to vacate obviated petitioner's need to exhaust his State remedies or constituted a denial of due process. However, immediately prior to the evidentiary hearing on this issue set for April 7, 1978, "the State of Florida advised the Court that the Order denying the petitioner's Motion to Vacate, had been entered November 3, 1976 but never placed in the Court file or, as was later found, apparently received by the petitioner." (R. at 91). The magistrate then concluded that based on the unusual circumstances, Clark had sufficiently exhausted his State remedies.

The federal court having decided it possessed jurisdiction, the case should have progressed as a normal habeas proceeding. The magistrate granted the State two extensions of time and ordered the State's response to the petition for habeas corpus no later than October 20, 1978. Apparently, the State filed a transcript of Clark's State trial, but this transcript has been lost and does not constitute part of the record on appeal. The State, however, did not file a response and on August 13, 1980, almost three years after the petition was filed, the magistrate ordered both parties to file responses within twenty days. Neither party timely responded and on September 12, 1980 the magistrate ordered both parties to file responses by September 22, 1980 and set oral argument for September 26. Both parties requested continuances and the magistrate postponed the hearing until October 2, 1980.

The State filed a written response to the petition on October 6, 1980, stating in part that:

Respondent again objects to this Court's acceptance of jurisdiction in this case for the reasons stated in the prior pleadings filed in this case and additionally based on the law announced in *Wainwright v. Sykes,* 433 U.S. F2 [sic] [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977), and

*Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir.1978) (en banc).

(R. at 128).

Ten days later, the district court considered the doctrine of exhaustion and whether it barred consideration of Clark's petition for habeas corpus pursuant to 28 U.S.C. Section 2254. The court addressed the State's argument that Clark's failure to appeal the denial by a State trial court of his motion to vacate (Fla.Rule Crim.Pro. 3.850) barred federal habeas review. Engaging in a pragmatic analysis, the district court noted the series of delays in the handling of Clark's case, including marked delays in federal court, and concluded that on the specific facts of this case considerations of comity and federalism were "outweighed by the exceptional circumstances of lack of notice precluding petitioner's timely appeal and delay on the part of the federal system itself." (R. at 186). Therefore the court determined that Clark would not be required to pursue State appellate remedies in connection with his Fla.Rule Crim.Pro. 3.850 motion and that the "claims existing in his present petition which are also contained in his original Rule 3.850 motion will be deemed cognizable in the instant cause." (R. at 186).

As ordered by the district court, the Federal Public Defender, appointed to represent Clark, filed a Memorandum in Support of Petition for Writ of Habeas Corpus, on October 31, 1980. Apparently, the State never responded to this memorandum. Fourteen months later, on January 7, 1982, the district court entered its Order Granting Writ of Habeas Corpus on the basis of racially offensive remarks and improper arguments made by the State attorney during Clark's trial as violative of due process. The State, in an unprecedented display of attention to this case, timely appealed the district court's order and moved for a stay pending appeal, which the court granted.

## THE APPEAL

The State has appealed on the single issue of whether the district court improperly granted federal habeas corpus relief in vio-

lation of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The State contends that Clark waived the issues upon which the district court predicated relief by failing to seek direct appellate review in the State courts and that Clark has not demonstrated he is within the "cause and prejudice" exception to *Sykes.* In response, Clark argues that the State failed to fairly present the *Sykes* issue to the district court and is thus barred from raising *Sykes* on appeal. Clark also maintains that the State waived procedural default because the State court ruled on the merits of Clark's 3.850 motion; that *Sykes* is not applicable to issues of incompetent counsel which can only be raised by collateral attack under Florida law; and that even if *Sykes* applies, there is cause and prejudice for the procedural default.

After examination of the scant record on appeal, we conclude that the State sufficiently raised *Sykes* in the district court so that the State has not waived the issue. A citation to *Sykes* appears in the State's initial pleading, Response to the Order to Show Cause, filed October 7, 1977, as well as in the State's written response to the petition, filed October 6, 1980. While the State's pleadings are hardly a model of legal scholarship, the State did not waive the *Sykes* issue in district court.

Having found that *Sykes* was presented to the district court, we must remedy the district court's failure to consider *Sykes.* We conclude that the appropriate remedy is a remand. *Sykes* is not an uncomplicated doctrine. The district court should be given an opportunity to decide whether the State has adhered to its own procedural rules or whether Clark is within the cause and prejudice exception to *Sykes. See also, Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). It is not within our function as an appellate court to engage in fact finding and further, we do not have the State court record before us. Given the conscientious consideration the district court afforded the exhaustion issue, we have no doubt that *Sykes* will be fully addressed by the court on remand. Perhaps counsel for the parties will be more cooper-

ative in advising the court of their respective positions on remand.

Based on the foregoing, the granting of the writ of habeas corpus is REVERSED and this case is REMANDED for proceedings consistent with this opinion.