[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13588

_____

D.C. Docket Nos. 0:18-cv-63130-RAR,
0:19-cv-61881-RAR

OHIO STATE TROOPERS ASSOCIATION, INC., 18-cv-63130-RAR
INTERNATIONAL UNION OF POLICE ASSOCIATIONS,
TREVOR KOONTZ,
RYAN PURPURA,
STEVEN ROHNER,
ALEXANDER PATER,
LANCE DESHUK,

Plaintiffs - Appellants,

versus

POINT BLANK ENTERPRISES, INC.,

Defendant - Appellee.

_____

MIGUEL PORRAS, 19-cv-61881-RAR
individually and on behalf of all others similarly
situated,

Plaintiff - Appellant,

versus

POINT BLANK ENTERPRISES, INC.,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(September 27, 2021)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Ohio State Troopers Association, Inc., International Union of Police Associations, Trevor Koontz, Ryan Purpura, Steven Rohner, Alexander Pater, Lance Deshuk, and Miguel Porras (Appellants) sued Defendant-Appellee Point Blank Enterprises, Inc. (Point Blank) for alleged violations of various consumer protection statutes and breached express and implied warranties for selling bullet-proof vests with allegedly defective "hook and loop" straps. Appellants claimed that, because of the defect, they and their proposed classes of vest purchasers are entitled to damages and injunctive relief. The district court denied class certification and dismissed the complaint, finding that Appellants failed to meet their burden of satisfying the requirements of Federal Rule of Civil

2

Procedure 23. Appellants timely appealed.[1] After reviewing the briefs and with the benefit of oral argument, we affirm the district court because it did not abuse its discretion in its well-reasoned order dated August 24, 2020.

Because the parties are familiar with the facts and procedural history of this case, we provide only a brief overview. Point Blank is a manufacturer of law enforcement protective products, including ballistic-resistant soft body armor. Point Blank sells a variety of ballistic vest models, a subset of which contain a proprietary "Self-Suspending Ballistic System" (SSBS) feature. An alleged defect in the shoulder straps of the vests that have this SSBS feature brought Appellants to sue Point Blank. According to Appellants' complaint, a defect in the vests' SSBS feature causes the hook and loop fasteners to lose efficacy over time, eventually causing the vest to slip during wear, potentially exposing the wearers to danger.

---

[1] Appellants also appeal the district court's denial of Porras's motion for class certification. The district court denied class certification after finding that Porras lacked standing to represent his proposed class. Porras sought to bring California-based claims on behalf of "[a]ll individuals and entities in California that purchased a new SSBS Vest from [Point Blank] or one of its sales representatives or authorized distributors." However, Porras purchased only one SSBS vest model: the PBBA Elite. We find no error in the district court's factual findings or in its application of the legal standard. The district court therefore did not abuse its discretion in denying the certification of a class of individuals that consists of purchasers of every model of SSBS vest.

After carefully sifting through the parties' expert reports and studies[2], the district court denied class certification, finding that Appellants failed to meet multiple requirements under Rule 23(a) and (b). The district court found, among other things, that: no common evidence of a classwide defect exists; the proposed classes are overbroad; individual issues predominate over common ones; and Appellants offered no classwide method of calculating damages.

We review a district court's decision about whether to certify a class for an abuse of discretion. *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016). A district court abuses its discretion if it applies the wrong legal standard or bases its decision on clearly erroneous findings of fact. *See Cherry v. Dometic Corp.*, 986 F.3d 1296, 1300 (11th Cir. 2021). The burden of proof rests on the party seeking class certification. *Brown*, 817 F.3d at 1233. If there is doubt "about whether the [class certification] standard is satisfied, 'the party with the burden of proof loses.'" *Id.* (quoting *Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997)).

---

[2] Although both parties proffer their own experts and studies on the durability of the SSBS strap feature, the parties stipulated to the withdrawal of their dueling *Daubert* motions in the proceedings below. Accordingly, the battle over evidence has been forfeited before this court. *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1308 n.2 (11th Cir. 2007) ("We do not ordinarily consider arguments raised for the first time on appeal."). Nonetheless, the district court adequately explained its reasons for finding Point Blank's expert testimony about the lack of a uniform defect to be more persuasive than Appellants' expert.

The district court here did not abuse its discretion in denying class certification. Under Appellants' defect theory, the district court properly found that individualized inquiries would be required to resolve how each class member used their SSBS vest and whether they experienced the alleged defect. Appellants offered no common evidence capable of showing a uniform classwide defect at the time of sale. Appellants thus have not met their burden under Rule 23(a)(2) of demonstrating that there are questions of fact or law common to the class that have the capacity to "generate common *answers*" and are "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (explaining that a common contention is capable of classwide resolution when the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke").

The district court based its factual findings on a review of an extensive record and Appellants have not met their burden of proving that those findings were clearly erroneous. *See Cherry*, 986 F.3d at 1300. Therefore, because the correct legal standard was applied to these factual findings, the district court did not abuse its discretion and we affirm the denial of class certification.

**AFFIRMED.**

5