**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 11, 2025**

# In the Court of Appeals of Georgia

A24A1394. ATLANTA IMPOUND, INC. v. ATTIA et al.

RICKMAN, Presiding Judge.

This case arises from the grant of a class certification. Yaron Attia sued Atlanta Impound, Inc.[1] for allegedly engaging in the unlawful practice of disabling vehicles without legal authority and charging putative fees to have those vehicles released. He successfully sought to have the action certified on behalf of a proposed class of similarly situated persons. Atlanta Impound appeals from the trial court's grant of class certification, arguing that Attia failed to meet the necessary statutory requirements, primarily because Attia is the only member of the prospective class

---

[1] Attia also named as a defendants Clay-Devco, Inc. and Hamilton Realty Management, LLC, both of which he alleged owned, occupied, or controlled property on which Atlanta Impound operated, and allegedly hired, authorized, or otherwise provided material support to Atlanta Impound. Neither is party to this appeal.

whose name is presently known. For the reasons that follow, we find no error and affirm.

Trial courts are vested with broad discretion to decide whether to certify a class, and we will not disturb a trial court's certification decision absent an abuse of that discretion. See *Endochoice Holdings v. Raczewski*, 351 Ga. App. 212, 214 (830 SE2d 597) (2019). "Implicit in this deferential standard of review is a recognition of the fact-intensive basis of the certification inquiry and of the trial court's inherent power to manage and control pending litigation." (Citation and punctuation omitted.) Id. We will, therefore, affirm the trial court's factual findings unless they are clearly erroneous. See id.

The underlying facts of this case are as follows. In December 2017, Attia parked his tractor-trailer across several parking spots in the private parking lot of a strip mall located at 4734 Memorial Drive, Decatur, DeKalb County, Georgia. The property owner had hired Atlanta Impound to install immobilization devices, commonly known as boots, on trucks, such as Attia's, driven by non-paying customers that were occupying the parking spaces intended for paying customers. Atlanta Impound placed a boot on Attia's tractor-trailer and required that he pay $500.00 to remove it, which

he did. At that time, DeKalb County did not have a vehicle immobilization ordinance authorizing the booting of motor vehicles.

Attia filed a class action complaint on behalf of himself and similarly situated persons asserting claims of negligence, negligence per se, premises liability, false imprisonment, conversion, and money had and received, and seeking both compensatory and punitive damages. He alleged that in the absence of a local ordinance or other source of legislative authority granting the use of vehicle immobilization, Atlanta Impound's booting of vehicles was strictly unlawful.[2] In support of the proposed class action lawsuit, Attia submitted over 1,000 invoices produced by Atlanta Impound during discovery[3] that evince Atlanta Impound's allegedly unlawful vehicle bootings in numerous locations throughout Georgia from 2013 through 2018.

Attia's proposed class for the class action litigation included:

---

[2] The Supreme Court of Georgia recently confirmed that there is no common-law right allowing private property owners to immobilize unauthorized vehicles parked on their property. See *RCC Wesley Chapel Crossing, LLC v. Allen*, 313 Ga. 69, 74 (2) (867 SE2d 108) (2021).

[3] The invoices were produced in a related action involving Atlanta Impound filed in a different county.

a. All persons who have been booted by, or at the request of, Defendants at any location within the State of Georgia where there are no vehicle immobilization ordinances, and who have paid fines for the removal of said device, from December 6, 2012, through present; and

b. A subclass of all persons who have been booted by, or at the request of, Defendants at 4734 Memorial Drive, Decatur, GA 30032, and have paid a fine for removal of said device from December 6, 2012, through December 4, 2018 (the Attia subclass).

Atlanta Impound filed a brief in opposition of class certification. Following a hearing, the trial court issued an order granting class certification and accepting Attia's class definitions. This appeal followed.

A named plaintiff seeking class certification must satisfy a series of requirements. First, the plaintiff must demonstrate that "[the] proposed class is adequately defined and clearly ascertainable." *Cherry v. Dometic Corporation*, 986 F.3d 1296, 1302 (III) (B) (11th Cir., 2021) ("Ascertainability is an implied prerequisite of

[OCGA § 9-11-23].")[4] Then, the plaintiff must obtain a finding by the trial court that the following requirements are met:

> (1) The class is so numerous that joinder of all members is impracticable [numerosity]; (2) There are questions of law or fact common to the class [commonality]; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality]; and (4) The representative parties will fairly and adequately protect the interests of the class [adequacy].[5]

OCGA § 9-11-23 (a); see *City of Roswell v. Bible*, 351 Ga. App. 828, 830 (1) (833 SE2d 537) (2019) ("[I]n determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately

---

[4] "[B]ecause OCGA § 9-11-23 is based on Rule 23 of the Federal Rules of Civil Procedure, it is appropriate that we look to federal cases interpreting that rule for guidance." (Citation and punctuation omitted.) *Atlanta Postal Credit Union v. Cosby*, A24A1694, ____ Ga. App. ____, at *4, n.5 (2025).

[5] In addition, the class must satisfy at least one ground under OCGA § 9–11–23 (b), which provides, in summary, that (1) the prosecution of separate actions would create a risk of inconsistent adjudications or would impair other parties' ability to protect their interests; (2) the defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or declaratory relief with respect to the whole class; or (3) questions of law or fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See OCGA § 9-11-23 (b).

prevail on the merits, but whether the requirements of OCGA § 9-11-23 (a) have been met.") (citation and punctuation omitted.). The proponents of the class action litigation have the burden of proving that class certification is appropriate, and must "come forward with evidence to prove their satisfaction of the statutory requirements." (Citation and punctuation omitted.) Id.

Although Atlanta Impound challenges the trial court's findings with respect to each of the above criteria, the crux of its argument is that Attia has failed to establish that the proposed class and subclass are ascertainable because none of the invoices upon which Attia relies to establish class membership contain the names or addresses of the people to whom they were issued. Thus, according to Atlanta Impound, there is only one known litigant, resulting in insufficient information on which to base a finding of the factors set forth in OCGA § 9-11-23 (a). We will address each factor in turn.

a. *Ascertainability*

Atlanta Impound argues, in essence, that because the invoices do not contain the names associated with the booted vehicles, there is no administratively feasible

method that would allow the trial court to determine membership in the proposed classes.

As our cases regarding class action litigation make clear, "there is no requirement that every class member, other than the named plaintiff[], be identified at the outset of the litigation." (Citation and punctuation omitted.) *Bible*, 351 Ga. App. at 834 (3). The trial court must simply establish that the class is clearly ascertainable, i.e., capable of being determined. See id. ("[A] class definition is necessary only to establish that the class does, in fact, exist and that its members will be identifiable.") (citation and punctuation omitted.) Significantly, "[a]dministrative feasibility is not an inherent aspect of," nor is it a prerequisite to, establishing ascertainability.[6] *Cherry*, 986 F.3d at 1303 (III) (B). Instead, "a proposed class is ascertainable if it is adequately defined such that its membership is capable of determination." Id.

Attia proposes a class and subclass, membership to which turn on the objective, verifiable criterion of individuals having had a vehicle immobilized by Atlanta

---

[6] We note that "[a]dministrative feasibility may be relevant to the manageability criterion of [OCGA § 9-11-23 (b) (3) (D)], but that provision requires a comparative analysis that is incompatible with a threshold, standalone administrative feasibility requirement." (Citation and punctuation omitted.) *Rensel v. Centra Tech*, 2 F.4th 1359, 1369 (II) (B) (11th Cir., 2021).

Impound at a location within the State of Georgia where there was no vehicle immobilization ordinance, and who paid a fine for the removal of said device within a particular date range. Attia presented evidence that the invoices produced by Atlanta Impound contain some combination of the make, model, tag, Department of Transportation information, and occasionally the Vehicle Identification Number of the booted vehicles, and submitted an affidavit from an administrative manager used by counsel in prior class litigation who represented that the identity of the drivers could be extrapolated from the data contained on the invoices. As such, the trial court was authorized to conclude that Attia adequately defined its proposed class and subclass such that they were capable of determination. See *Rensel v. Centra Tech*, 2 F.4th 1359, 1368-1371 (II) (B) (11th Cir., 2021)*; Cherry*, 986 F.3d at 1303 (III) (B).

   b. *OCGA § 9-11-23 (a) Factors*

Atlanta Impound does not meaningfully challenge the merits of the OCGA § 9-11-23 (a) requirements beyond asserting generally that they cannot be sufficiently established without Attia's counsel having positively identified the purported class members and ascertained the details of their booting experiences. We disagree.

(1) *Numerosity*. In order to satisfy the numerosity requirement, a class action plaintiff "need not allege the exact number and identity of the class members, but must only establish that joinder is impracticable through some evidence or reasonable estimate of the number of purported class members." (Citation and punctuation omitted.) *Brenntag Mid South v. Smart*, 308 Ga. App. 899, 903 (2) (a) (i) (710 SE2d 569) (2011). "Additionally, the class simply must meet a minimum standard of definiteness which will allow the trial court to determine membership in the proposed class." (Citation and punctuation omitted.) Id.

Attia presented over 1,000 invoices reflecting vehicles that had been booted at various locations in Georgia lacking immobilization ordinances, and further presented evidence that the owners of those vehicles could be identified from the information contained on the invoices. The trial court did not err in concluding that Attia's proposed class and subclass satisfied the numerosity requirement of OCGA § 9-11-23 (a), as it would be impractical to litigate the claims of the putative class members individually. See *Bible*, 351 Ga. App. at 833 (3) ("[I]mpracticability of joinder is generally presumed if the class includes more than 40 members.") (citation and punctuation omitted).

9

(2) *Commonality*. Commonality requires evidence that there are "questions of law or fact common to the class." OCGA § 9-11-23 (a) (2). But it is not necessary to prove that all questions of law and fact be common to every member of the class. See *Brenntag Mid South,*, 308 Ga. App. at 903 (2) (a) (ii). "Rather, the rule requires only that resolution of the common questions affect all or a substantial number of the class members." (Citation and punctuation omitted.) Id.; see *Williams v. Mohawk Industries*, 568 F.3d 1350, 1355 (III) (A) (11th Cir. 2009) ("[T]here be at least one issue whose resolution will affect all or a significant number of the putative class members.") (citation and punctuation omitted.); *Atlanta Postal Credit Union v. Holiday*, 367 Ga. App. 168, 177 (2) (b) (885 SE2d 196) (2023). "Generally, this requires the plaintiff to demonstrate that the class members have suffered the same injury." (Citation and punctuation omitted.) *Rice v. Fulton County*, 370 Ga. App. 353, 356 (3) (a) (897 SE2d 491) (2024).

Atlanta Impound argues that Attia failed to prove that there are common questions of law and fact sufficient to meet the commonality requirement because Attia's counsel has not yet identified the names of or spoken to the remaining

members of the putative class. It is therefore impossible to know, Atlanta Impound contends, "if their cases have anything in common with [Attia's case]."

The invoices of record reflect over 1,000 vehicles, including Attia's, that were immobilized by Atlanta Impound, and that the immobilizing devices were not removed until payment was received. Attia contends that this was done in locations lacking vehicle immobilization ordinances. As correctly determined by the trial court, this evidence satisfies the commonality requirement because "the common question that is central to the validity of each of the class members' claims is whether [Atlanta Impound] had a legal right to immobilize vehicles at the subject properties[,]" and that "[t]he resolution of this legal question resolves liability for all of the class members' claims and does not depend on individualized issues of fact." The identities of the individual drivers were not necessary to make that initial determination. See generally *Rice*, 370 Ga. App. at 356 (3) (a) (holding trial court erred by ruling plaintiff failed to meet commonality requirement because "[t]he answer to this question [of whether defendant acted lawfully when calculating property taxes] will not vary with each class member because it is binary — either the method used by Appellees to calculate the putative class members' property taxes was legal or it was not").

(3) *Typicality.* The typicality requirement is satisfied if "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." (Citation and punctuation omitted.) *Williams*, 568 F.3d at 1357 (III) (B); see OCGA § 9-11-23 (a) (3). Put another way, "[a] class representative must possess the same interest and suffer the same injury as the class members." (Citation and punctuation omitted.) Id.; *Brenntag Mid South,* 308 Ga. App. at 904 (2) (a) (iii) ("The typicality requirement under OCGA § 9-11-3 (a) is satisfied upon a showing that the defendant committed the same unlawful acts in the same method against an entire class.") (citation and punctuation omitted).

Again, Atlanta Impound contends that without Attia's counsel having identified and spoken to the other members of the putative class, "questions of what supposedly made [Atlanta Impound's] actions improper cannot be addressed" to determine whether they are typical of Attia's injury. The trial court determined that Attia's claims "are typical of the proposed class members' claims because they arise from the exact same pattern or practice: [Atlanta Impound] unlawfully booting vehicles at the subject properties and refusing to remove the boot until a fee is paid." Again, we agree with the trial court, which did not abuse its discretion by concluding that the typicality

requirement was met. See *Holiday*, 367 Ga. App. at 182-183 (2) (c); *Liberty Lending Svcs. v. Canada*, 293 Ga. App. 731, 738 (1) (b) (668 SE2d 3) (2008).

(4) *Adequacy*. "The important aspects of adequate representation are whether the plaintiffs' counsel is experienced and competent and whether plaintiffs' interests are antagonistic to those of the class." (Citation and punctuation omitted.) *Brenntag Mid South*, 308 Ga. App. at 905 (2) (a) (iv). The record in this case supports the trial court's conclusion that the adequacy requirement is met. Atlanta Impound does not challenge the competence or experience of counsel, nor does it allege that Attia has antagonistic interests. His counsel have experience in class action litigation and are lead counsel in other proposed class action lawsuits in Georgia involving alleged unlawful vehicle immobilizations. The trial court did not abuse its discretion in finding the adequacy requirement was satisfied. See generally *Canada*, 293 Ga. App. at 739 (1) (c).

For these combined reasons, the trial court did not err in certifying the class and subclass as proposed by Attia.

*Judgment affirmed. Mercier, C. J., and McFadden, P. J., concur.*